HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES ENCINAS,

    Plaintiff,

    v.

UNIVERSITY OF WASHINGTON,

    Defendant.

Case No. 2:20-cv-01679-RAJ

ORDER DENYING PLAINTIFF'S APPLICATION FOR COURT-APPOINTED COUNSEL

This matter comes before the Court on Plaintiff's Application for Court-Appointed Counsel. Dkt. # 6. For the reasons below, the Court **DENIES** the motion.

Based on his complaint, Plaintiff James Encinas is suing Defendant University of Washington for racial discrimination. Dkt. # 5 at 4. Mr. Encinas is proceeding *in forma pauperis*, Dkt. # 4, and it appears that he has not yet served Defendant. Since filing his complaint, Mr. Encinas filed a motion to appoint counsel. Dkt. # 6. Defendant has not appeared in this matter, and the motion is unopposed.

Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28

ORDER – 1

U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). But neither of these considerations is dispositive; they must instead be viewed together. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). A plaintiff must plead facts showing that he has an insufficient grasp of his case or the legal issue involved and has an inadequate ability to articulate the factual basis of his claim. *Agyeman*, 390 F.3d at 1103. Although most parties would benefit from representation by an attorney, that is not the standard for appointment of counsel in a civil case. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (finding that a *pro se* litigant may be better served with the assistance of counsel is not the test). A plaintiff must show exceptional circumstances.

Mr. Encinas has failed to show that his case presents "exceptional circumstances." First, this case is not complex. Mr. Encinas alleges that the University of Washington retaliated against him and wrongfully terminated him because of his race in violation of Title VII of the Civil Rights Act of 1964. Dkt. # 5 at 1, 3-4. Specifically, he alleges that the University of Washington subjected him to unequal employment conditions, failed to promote him, retaliated against him, and terminated him. *Id.* at 4. This is not to say that these allegations are sufficiently pled, as that issue is not currently before the Court, but rather to say that Mr. Encinas has demonstrated a basic ability to articulate his claims. Second, Mr. Encinas has not shown any likelihood of success on the merits. His motion simply says that "defendants admitted in writing they violated [his] rights." Dkt. # 6 at 2. This is a conclusory allegation, unsubstantiated by alleged facts or evidence. Thus, at this stage, the Court has no reason to believe that Mr. Encinas will likely prevail on the

ORDER – 2

merits of his claim.

Because Mr. Encinas has failed to show "exceptional circumstances," his Application for Court-Appointed Counsel is **DENIED**.  Dkt. # 6.

DATED this 7th day of December, 2020.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3