UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES ENCINAS, <br><br> Plaintiff(s), <br> v. <br><br> UNIVERSITY OF WASHINGTON, <br><br> Defendant(s). | CASE NO. 2:20-cv-01679-TL <br><br> ORDER REFERRING MOTION |

This matter comes before the Court on Plaintiff James Encinas's motion for reconsideration of a prior denial of his request for counsel (Dkt. No. 23) and his subsequent corrected request for counsel (Dkt. No. 30). Plaintiff is currently proceeding *pro se* and *in forma pauperis* in this action. Dkt. No. 4.

The procedural posture of this case is unique as it relates to Plaintiff's request for counsel and warrants a brief explanation. This case arises out of Plaintiff's claims of employment discrimination under Title VII against Defendant University of Washington. Dkt. No. 5 at 4. On September 30, 2022, the Court issued an order that, in relevant part, addressed Plaintiff's motion

ORDER REFERRING MOTION - 1

for reconsideration (the "September 30 Order"). Dkt. No. 29. The Court noted that Plaintiff's original request for the appointment of counsel (Dkt. No. 6) had used the wrong form, which mis-identified Plaintiff's case as *not* a Title VII case, and that therefore the incorrect legal standard had been applied to evaluate Plaintiff's request for the counsel. Dkt. No. 29 at 18–19. Given this error, the Court found in this unique instance that Plaintiff's request for counsel warranted a second look and referral to the Screening Committee of the Pro Bono Panel for its consideration. *Id.* at 17–19.

This District has implemented a plan for court-appointed representation of civil rights litigants. The plan currently in effect requires the Court to assess a plaintiff's case before forwarding it to the Screening Committee for further review and a possible appointment of *pro bono* counsel. *See* General Order 16-20 § 3(c) (W.D. Wash. Dec. 8, 2020). Specifically, the Court must determine a plaintiff's financial eligibility and that the case is not frivolous. *Id.*

As explained in the September 30 Order, Plaintiff's submissions satisfy the Court that there is an adequate basis to refer his case to the Screening Committee. Dkt. No. 29 at 20–21. The Court therefore stayed its consideration of Plaintiff's motion for reconsideration and directed Plaintiff to submit "a new request for the appointment of counsel using the correct form," which would accurately identify his case as a Title VII case.[1] *Id.* at 22. The Court stated that, upon receipt of "a corrected request for the appointment of counsel," the corrected request would be

---

[1] The application for the appointment of counsel in a non-Title VII civil rights case is materially different from the application for the appointment of counsel in a Title VII case, most notably by including an authorization for the release of information from the Equal Employment Opportunity Commission and the Washington State Human Rights Commission to the Screening Committee and any *pro bono* counsel who may be selected. *Compare* Application for Court-Appointed Counsel, https://www.wawd.uscourts.gov/sites/wawd/files/ApplforCourtAppCounsel-Non-Empl.pdf, *with* Application for Court-Appointed Counsel in Title VII Action, https://www.wawd.uscourts.gov/sites/wawd/files/ApplforCourtAppCounsel-EmplDiscrim.pdf.

ORDER REFERRING MOTION - 2

forwarded to the Screening Committee for the Pro Bono Panel. *Id.* at 22–23. Plaintiff timely submitted a renewed and corrected request for counsel. Dkt. No. 30.

The Court issued a text-only minute order on October 4, 2022, directing the Clerk of the Court to forward Plaintiff's request for counsel to the Screening Committee. Dkt. No. 31. Finding it advisable to issue a full, signed order instead, this Order replaces the October 4 order.

Accordingly, the Court ORDERS as follows:

(1) The Clerk of the Court is DIRECTED to forward the operative complaint (Dkt. No. 5), the corrected request for counsel (Dkt. No. 30), and the pleadings and documents filed to date to the Screening Committee.

(2) The Screening Committee is DIRECTED to review the case and make a recommendation to the Court as to whether the appointment of *pro bono* counsel is warranted in this case, in accordance with General Order 16-20, on or before **November 4, 2022**.

(3) The Court's October 4 minute order is STRICKEN.

(4) Plaintiff is reminded that his motion for reconsideration (Dkt. No. 23) and therefore his request for the appointment of counsel (Dkt. Nos. 6, 30) remain pending, and a referral to the Screening Committee does not guarantee that *pro bono* counsel will be provided to him.

Dated this 5th day of October 2022.

Tana Lin
United States District Judge

ORDER REFERRING MOTION - 3