UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES ENCINAS,

Plaintiff(s),

v.

UNIVERSITY OF WASHINGTON,

Defendant(s).

CASE NO. 2:20-cv-01679-TL

ORDER APPOINTING PRO BONO COUNSEL

This matter is before the Court on Plaintiff James Encinas's motion for reconsideration of the denial of his prior motion for appointment of counsel (the "Motion for Reconsideration"). Dkt. No. 23. This action arises from Plaintiff's Title VII claims of employment discrimination by his former employer the Harborview Medical Center, which operates under the umbrella of the University of Washington, the Defendant in this action. Dkt. No. 5 at 3–4.

In a prior order (the "September 30 Order"), the Court found that the prior denial of Plaintiff's motion for court-appointed counsel had not been premised on the correct legal standard for the appointment of counsel in a Title VII case. Dkt. No. 29 at 18. Accordingly, the

Court directed Plaintiff to file a new request for counsel using the correct form for a Title VII case (*id.* at 22), which Plaintiff accomplished shortly thereafter (Dkt. No. 30). The Court referred Plaintiff's corrected request for counsel and other relevant records to the Screening Committee of the Western District Pro Bono Panel, pursuant to General Order 16-20 of this District, for its determination and recommendation of whether *pro bono* counsel should be appointed for Plaintiff. Dkt. No. 32. The Court also stayed its consideration of the Motion for Reconsideration and this matter pending the consideration of the Screening Committee. Dkt. No. 29 at 22–23.

On November 2, the Western District of Washington's Coordinator of the Pro Bono Panel received a letter from the Screening Committee, which stated:

> This matter was referred to the Pro Bono Screening Committee by Order of the Hon. Tana Lin for a recommendation as to whether Plaintiff should be assigned pro bono counsel.
>
> This matter was reviewed by the Committee. It is our recommendation that the Court assign pro bono counsel in this matter.

The Court has reviewed the Screening Committee's letter and recommendation.

The Court has the authority and discretion to appoint *pro bono* counsel for Plaintiff. 42 U.S.C. § 2000e-5(f)(1) ("Upon application by the [Title VII] complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant . . . ."); *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991) ("It is undisputed that the district court had the authority to appoint counsel [under § 2000e-5(f)(1)]. . . . [T]he determination is left to the sound discretion of the district court."). In evaluating a Title VII appointment of counsel, courts consider "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson*, 939 F.2d at 824. The Court previously discussed these factors in relation to Plaintiff's request for counsel in the September 30 Order. Dkt. No. 29 at 19–21.

Based on the Court's analysis in the September 30 Order and the recommendation of the Screening Committee, the Court adopts the Screening Committee's recommendation and finds that appointment of *pro bono* counsel for Plaintiff is appropriate. Once counsel is appointed for Plaintiff, the Court will lift the stay in this matter and set a new deadline for the filing of a joint status report.

Accordingly, the Court hereby ORDERS:

(1) Plaintiff's Motion for Reconsideration (Dkt. No. 23) is GRANTED.

(2) The District Coordinator of the Pro Bono Panel is DIRECTED to identify counsel from the Pro Bono Panel to represent Plaintiff for all further proceedings in this matter, should Plaintiff consent once *pro bono* counsel contacts him. *See* General Order 16-20 (W.D. Wash. Dec. 8, 2020).

Dated this 7th day of November 2022.

Tana Lin
United States District Judge