1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES ENCINAS,

                Plaintiff,

    v.

UNIVERSITY OF WASHINGTON et al,

                Defendants.

CASE NO. 2:20-cv-01679-TL

ORDER ON MOTION TO
WITHDRAW AS COUNSEL

       This is a Title VII employment discrimination case. The matter comes before the Court

on Russell Knight's motion to withdraw as Plaintiff's counsel (the "Motion"). Dkt. No. 53.

Having considered the relevant record, the Court DENIES the Motion without prejudice.

       Plaintiff James Encinas brings suit against the University of Washington and Harborview

Medical Center ("Harborview") for alleged employment discrimination, retaliation, and

wrongful termination during his employment as a Peer Support Specialist at Harborview. Dkt.

No. 46 at 1, 3. In or around March 3, 2023, Plaintiff retained Mr. Knight as counsel in this

matter. Dkt. No. 38 (notice of appearance). The Parties then filed a joint status report (Dkt.

43), and the Court set a trial schedule, with discovery to be completed by November 15, 2023, and a jury trial beginning on April 15, 2024 (Dkt. No. 49).

Mr. Knight moved to withdraw as counsel (Dkt. No. 53), without opposition or other response from Defendants. Finding Mr. Knight's motion to lack detail, the Court ordered Mr. Knight to provide additional information relevant to the motion *ex parte* and under seal for the Court's review, which Mr. Knight provided (Dkt. No. 56). Plaintiff Mr. Encinas also filed a separate *ex parte*, sealed response. Dkt. No. 57. The Court has reviewed both *ex parte* filings solely for the purpose of determining whether Mr. Knight's motion is warranted.

Pursuant to Local Civil Rule ("LCR") 83.2, "[n]o attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court" if the withdrawal would leave litigant unrepresented. *See* LCR 83.2(b). As an initial matter, the Motion meets the technical requirements of LCR 83.2, as it includes a certification that both Plaintiff and opposing counsel have been served with the Motion and the contact information for Plaintiff. Dkt. No. 53 at 2, 3.

Mere technical compliance with the rule, however, does not guarantee counsel will be permitted to withdraw. *Putz v. Golden*, No. C10-0741, 2012 WL 13019202, at *3 (W.D. Wash. Aug. 3, 2012). It is within the district court's broad discretion to grant or deny a motion to withdraw as counsel. *Id.*; *see also LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998) (reviewing district court's denial of motion to withdraw for abuse of discretion). The consent of the client to withdrawal is not dispositive. *Putz*, 2012 WL 13019202, at *3. In reviewing a motion to withdraw, courts consider a variety of factors, including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.* Also, an attorney will "ordinarily be permitted to withdraw until sixty days before the discovery cutoff date in a civil case." LCR 83.2(b)(1).

Here, the circumstances surrounding Mr. Knight's request for withdrawal present a mixed bag. *See* Dkt. No. 56 at 1–2, 11, 13, 30, 35, 38, 40, 44. The Court understands that both Plaintiff and Mr. Knight are frustrated and that the attorney-client relationship has become difficult. But first, the Court reminds Plaintiff how difficult it is to find counsel. *See* Dkt. No. 6 at 2 (noting Plaintiff's efforts to obtain counsel independently); Dkt. No. 36 (order denying Plaintiff's motion for counsel as *pro bono* counsel could not be secured after three months of searching). Based on the Court's review of the *ex parte* filings, Mr. Knight appears to be a capable attorney who understands his professional responsibilities. Plaintiff appears to misunderstand certain of Mr. Knight's explanations and is encouraged to re-review Mr. Knight's statements in that light, including those referenced at: Dkt. No. 56 at 30; Dkt. No. 57 at 8.

Conversely, the Court reminds Mr. Knight that Plaintiff is very much emotionally invested in this case and litigated it on his own for over two years, which makes it difficult for him to entrust the litigation to counsel. Plaintiff also may not fully appreciate the nature and risks of different stages of litigation, including discovery, mediation, and trial, as an attorney might.

The Court believes that Plaintiff's attorney-client relationship with Mr. Knight is salvageable, especially given the relatively lengthy period of time before the close of discovery that remains. However, if the current dynamics continue, the Court will be prepared to deem the relationship irreconcilable and grant a future motion to withdraw.

The other factors in considering a motion to withdraw as counsel also do not weigh heavily for or against withdrawal. Defendants do not oppose, and the close of discovery is almost four months away, indicating that any prejudice to Defendants is minimal and that withdrawal is not likely to delay resolution of the case. The administration of justice would likely benefit from Plaintiff proceeding with legal representation rather than without, but a breakdown of Plaintiff's relationship with counsel would render that benefit nonexistent.

Accordingly, the Motion (Dkt. No. 53) is DENIED without prejudice. Mr. Knight may move to withdraw as counsel *after* **thirty (30) days** have elapsed following the date of this Order, if his attorney-client relationship continues to be difficult or other new developments occur that demonstrate that the relationship is untenable. Mr. Knight is DIRECTED to promptly provide a copy of this Order to Plaintiff via email and certified mail.

Dated this 25th day of July 2023.

Tana Lin
United States District Judge