UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES ENCINAS,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>UNIVERSITY OF WASHINGTON et al,<br><br>　　　　　　Defendants. | CASE NO. 2:20-cv-01679-TL<br><br>ORDER GRANTING MOTION<br>TO WITHDRAW AS ATTORNEY |

　　　　This is a Title VII employment discrimination case. This matter is before the Court on Plaintiff's second motion to withdraw as attorney of Plaintiff. Dkt. No. 67. Having considered the relevant record, the Court GRANTS the motion.

　　　　Counsel for Plaintiff James Encinas, Russell Knight, moves to withdraw as Plaintiff's counsel for the second time. Dkt. No. 67. No opposition or response brief has been filed.

　　　　The Court previously denied Mr. Knight's motion to withdraw as counsel without prejudice, recognizing that the client-attorney relationship appeared to be difficult but encouraging Mr. Knight and Mr. Encinas to salvage the client-attorney relationship if possible.

ORDER GRANTING MOTION
TO WITHDRAW AS ATTORNEY - 1

Dkt. No. 58 at 3–4. However, the Court permitted Mr. Knight to move again to withdraw as counsel after at least thirty days had elapsed, noting that, "if the current dynamics continue, the Court will be prepared to deem the relationship irreconcilable and grant a future motion to withdraw." *Id.* at 3. Mr. Knight now represents, in his motion and sealed *ex parte* supporting materials, that the attorney-client relationship with Mr. Encinas "has become even more untenable." Dkt. Nos. 67, 68. From review of the supporting materials, the Court is inclined to agree.

The Court adopts by incorporation the legal analysis spelled out in its prior order addressing Mr. Knight's first motion to withdraw (Dkt. No. 58), except as modified here. In reviewing a motion to withdraw, courts consider a variety of factors, including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Putz v. Golden*, No. C10-0741, 2012 WL 13019202, at *3 (W.D. Wash. Aug. 3, 2012). Also, an attorney will "ordinarily be permitted to withdraw until sixty days before the discovery cutoff date in a civil case." LCR 83.2(b)(1).

These factors weigh in favor of permitting Mr. Knight to withdraw. First, the reason for the withdrawal is an irreconcilable breakdown of the attorney-client relationship, which is a strong reason to grant the motion. Second, Defendants do not oppose the withdrawal, and the Court cannot independently identify any significant prejudice Defendants may suffer as a result of the withdrawal. Third, the breakdown of Plaintiff's attorney-client relationship means that the administration of justice would likely be benefited, rather than harmed, by permitting Mr. Knight to withdraw from representation. Fourth, there is no delay that is foreseeably likely to result from granting the motion to withdraw, given that the trial schedule was recently amended and no deadlines are imminent, the Parties have already engaged in significant motions practice and

some discovery, and the lack of disagreements between Mr. Encinas and his counsel may in fact *decrease* any delays in proceeding further in this case. Finally, the discovery cutoff date is February 28, 2024, approximately five months away. Dkt. No. 66.

Accordingly, Mr. Knight's second motion to withdraw as attorney of Plaintiff (Dkt. No. 67) is GRANTED. Plaintiff shall proceed *pro se*, without legal representation, unless he retains new counsel. The Clerk is DIRECTED to send a copy of this Order to Plaintiff at the mailing address provided in Mr. Knight's motion. Dkt. No. 67 at 2.

Dated this 6th day of October 2023.

Tana Lin
United States District Judge